## Case No. 14,338.

### UNDERTAKER'S CARGO.

[Cited in Eight Hundred and Fifty-Eight Bales of Cotton, Case No. 4,318. Nowhere reported; opinion not now accessible.]

UNDERWOOD (HOWE v.). See Case No. 6,775.

## Case No. 14,339.

### UNDERWOOD v. HUDDLESTONE.

[2 Cranch, C. C. 76.] [1]

Circuit Court. District of Columbia. June Term, 1813.

EVIDENCE—WRITTEN NOTICE—NOTICE TO PRODUCE.

The contents of a written notice cannot be given in evidence, unless notice has been given to the party to produce it.

[Cited in Bank of Washington v. Kurtz, Case No. 950.]

Assumpsit against the indorser of Roddy's note. The notary testified that he gave notice by letter.

Mr. Law, for defendant, objected to evidence of its contents, because the defendant had not been called upon to produce the letter, and cited Chitty, 210; 1 Peake, Ev. 112; 2 Peake, Ev. 221; 7 East, 385; Shaw v. Markham, Peake, 165.

Mr. Jones, contra. The practice has always been otherwise. Saunderson v. Judge, 2 H. Bl. 509.

THE COURT (nem. con.) refused to permit evidence to be given of the contents of the letter, because the plaintiff had not given no-

tice to the defendant to produce it before the trial, and refused to allow the plaintiff now to give the notice.

Verdict for the defendant.

New trial granted on payment of costs: Bank of Washington v. Kurtz [Case No. 950].

[See Case No. 14,340.]

## Case No. 14,340.

### UNDERWOOD v HUDDLESTONE.

[2 Cranch, C. C. 93.] [1]

Circuit Court, District of Columbia. Dec. Term, 1813.

NOTES — ACTION AGAINST INDORSER — NOTICE OF NON-PAYMENT—MISNOMER.

Notice of the non-payment of a note signed by John, is not notice of the non-payment of a note signed by James, unless the party had good reason to believe that the note of James was intended.

Assumpsit, against the indorser of James B. Roddy's note. The notice given to the defendant was of the non-payment of a note signed John B. Roddy, &c., describing the note correctly as to every circumstance, except the signature John, instead of James.

THE COURT (THRUSTON, Circuit Judge, doubting,) said that if the jury should be of opinion, from the evidence, that the defendant had good reason to believe it to be the note in the declaration mentioned, the jury ought to presume that the defendant had reasonable notice, &c.

Mr. Jones, for plaintiff.

Mr. Law, for defendant.

THE COURT had before instructed the jury, that notice of the non-payment of a note signed by John B. Roddy, was not notice of the non-payment of a note signed by James B. Roddy; but that opinion was founded upon the naked statement of the fact that the notice was of a note signed John B. Roddy.